**The below described is SIGNED.**

**Dated: February 21, 2014** 



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>DAVID N. FISHER**,**<br><br>Debtor. | Bankruptcy Number: 13-26460<br><br>Chapter 7 |
| GREG ANDERSON**,**<br><br>Plaintiff,<br><br>vs.<br><br>DAVID N. FISHER**,**<br><br>Defendant. | Adversary No. 13-02361<br><br>Chief Judge William T. Thurman |

### MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On February 13, 2014, the Court held a hearing on David N. Fisher's (the "Defendant")

Motion for Summary Judgment to dismiss Greg Anderson's (the "Plaintiff") complaint. The

Defendant was represented by Darwin C. Fisher and the Plaintiff proceeded pro se. After reading

the pleadings and listening to oral argument, the Court took the matter under submission.

I.      **Facts**

The Plaintiff and another party loaned the Defendant $500,000. The loan was to be

secured by real property. The Plaintiff alleges that he later discovered that the Defendant was not

capable of offering the security interest because the Defendant did not own the property. The

Plaintiff alleges that the Defendant knowingly misrepresented the status of the security interest in

order to induce the Plaintiff and the other party into providing the loan.

On March 28, 2013, the Plaintiff filed a state court action against the Defendant. The

Defendant subsequently filed a chapter 7 bankruptcy petition on June 5, 2013 which stayed the

state court action. The Plaintiff's debt was listed on the Defendant's schedules and the Plaintiff

appeared on the creditors' matrix.

The Plaintiff brings a complaint in this court under 11 U.S.C. § 523(a)(2), (a)(4), and

(a)(6) seeking the nondischargeability of this debt. The Plaintiff mailed the complaint and it was

received by the Clerk of the Bankruptcy Court on September 25, 2013. The complaint was

returned the same day to the Plaintiff for failure to pay the filing fees. The Plaintiff re-mailed the

complaint along with a check for the filing fees to the Clerk of the Bankruptcy Court, which were

both  received on October 2, 2013. The complaint was entered on the docket on October 2, 2013.

The Plaintiff lives in St. George, Utah, while the office of the Clerk of the Bankruptcy Court is

located approximately 300 miles away in Salt Lake City, Utah.

The Defendant brings a Motion for Summary Judgment, seeking to dismiss the complaint

for untimeliness. The Defendant argues that the last date to bring this complaint was September

2

24, 2013 and that the filing was late whether the complaint was deemed filed on either

September 25 or October 2.

## II.     Analysis

"[T]he objector to discharge has the burden of proving by a preponderance of the

evidence that a debt is not dischargeable." In re Jones, 9 F.3d 878, 880 (10th Cir. 1993).

Additionally, "exceptions to discharge are to be narrowly construed, and because of the fresh

start objectives of bankruptcy, doubt is to be resolved in the debtor's favor." In re Kaspar, 125

F.3d 1358, 1361 (10th Cir. 1997).

### A. The Plaintiff's Complaint is Untimely

Under section 523(c), debtors are discharged from the types of debt specified by sections

523(a)(2), (a)(4) and (a)(6) unless the creditor files a complaint and the court, after notice and a

hearing, determines that the debt is nondischargeable. 11 U.S.C. § 523(c)(1). A complaint in a

Chapter 7 case to determine the dischargeability of a debt under section 523(c) must be filed

within 60 days after the first date set for the section 341(a) meeting. Fed. R. Bankr. P. 4007(c); In

re McKendry, 40 F.3d 331, 336 (10th Cir. 1994) ("If claims of nondischargeability under §

523(c) are not brought within the sixty-day period, the debts are discharged.").

The section 341(a) meeting was held on July 26, 2013. September 24, 2013 is sixty days

from July 26, 2013. See Fed. R. Bankr. P. 9006(a)(1). The Clerk of the Bankruptcy Court's

notice to creditors also listed September 24, 2013 as the last day to object to the debtor's or a

debt's dischargeability. The Plaintiff's nondischargeability complaint was filed on October 2,

2013. The Plaintiff's complaint is therefore time-barred because it was not filed within 60 days

of the section 341(a) meeting.

3

The Plaintiff may argue that the complaint was received by the Clerk of the Bankruptcy Court earlier, i.e. on September 25 as the log of the Court shows. However, it was not accompanied by the filing fees. As will be discussed hereafter, even if the Court were to accept that the complaint was deemed filed when first received, it was still first received after the last day for filing such.

There are some provisions for allowing a late-filed complaint.  However, none of the exceptions apply. Although not briefed, the Court will address the same.

B. Plaintiff Is Not Entitled to the Section 523(a)(3) Exception

Section 523(a)(3), through section 523(c), excepts creditors from the time limits to file a nondischargeability complaint under sections 523(a)(2), (a)(4), and (a)(6) if the debtor fails to properly schedule the claim and the creditor does not receive notice and has no knowledge of the case in time to timely file an objection. 11 U.S.C. § 523(a)(3); 11 U.S.C. § 523(c).

The Plaintiff acknowledged at the hearing that he had received notice of the case and the deadlines. The Plaintiff also appears on the Debtor's Schedule F as an unsecured creditor with the same address as he listed on the first page of the complaint. Additionally, the Plaintiff is listed on the creditors' matrix and notice of the section 341(a) meeting certificate of service with the objection deadline which was sent to the creditors' matrix by the Clerk of the Bankruptcy Court on June 26, 2013. As the Plaintiff acknowledges notice, the Plaintiff's claim was scheduled, and the Plaintiff had formal notice, the Plaintiff is not excepted from Rule 4007's time limit.

<u>C. The Court May Not Extend the Time Sua Sponte</u>

"The court may enlarge the time for taking action under . . . Rule 4007(c) . . . only to the extent and under the conditions stated [Rule 4007(c)]." Fed. R. Bankr. P. 9006(b)(3). Rule 4007(c) states that a court may extend the time only if: (1) a party in interest; (2) files a motion; (3) after notice and a hearing; (4) before the expiration of the deadline.

No party in interest filed such a motion. The court is therefore prohibited from extending the time to file a nondischargeability complaint under sections 523(a)(2), (a)(4), or (a)(6) because Rule 4007(c) does not provide the court any other method to do so. <u>See</u> <u>Jones v. Arross</u>, 9 F.3d 79, 81 (10th Cir. 1993) (noting that the court may not enlarge filing time outside of method listed in Rule 4007).

The Plaintiff acknowledges that the complaint was untimely under the Rules but requests leniency as a pro se plaintiff. The Court is aware that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and [as stated by our circuit] 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.' <u>Kay v. Bemis</u>, 500 F.3d 1214, 1218 (10th Cir. 2007) (citing <u>Garrett v. Selby, Connor, Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir.2005)); <u>see</u>, <u>also</u>, <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Accordingly, the Court is bound by the

5

Federal Rules of Bankruptcy Procedure and cannot extend the time in a manner other than that they set forth.

Courts have recognized a narrow exception where the court may use its equitable powers a late-filed complaint in order to correct its own mistake. See In re Themy, 6 F.3d 688, 689 (10th Cir. 1993) (while the court may not extend the complaint deadline sua sponte it may use its equitable power to correct its own mistake and accept a complaint after the 60-day deadline if it sent notice containing an incorrect bar date).   However, such mistake does not exist here.

D. The Complaint Would Be Time-Barred Even if It is Deemed to Have Been Filed

When It Was In the Clerk's Possession

Rule 4007(c) requires a complaint seeking nondischargeability of a debt under sections 523(a)(2), (a)(4), and (a)(6) to "be *filed* no later than 60 days after the first date set for the meeting of creditors under § 341(a). Fed. R. Bankr. P 4007(c) (emphasis added). Other circuits have held that a complaint is filed when it is placed in the actual or constructive possession of the clerk, regardless of any untimely payment of the required filing fee. See Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (holding that complaint delivered to clerk within statutory period was filed despite the plaintiff's failure to pay the $350 filing fee required by 28 U.S.C. § 1914(a) before the complaint deadline had passed); Cintron v. Union Pac. R. Co., 813 F.2d 917, 921 (9th Cir. 1987) (overpaying filing fee is not a basis for dismissal); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996) ("Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis.*"); Hunt v. Stone, 39 F.3d

6

1177 (4th Cir. 1994) ("Appellant's petition should have been deemed filed on the date that the district court clerk received it along with what Appellant reasonably believed was the filing fee.").

The complaint which was eventually received and docketed by the Clerk of the Bankruptcy Court shows that the complaint was filed on October 2, 2013. The mailing log along with an extra copy of the complaint that the Clerk of the Court retains, however, notes that the complaint was received by the Clerk of the Bankruptcy Court on September 25, 2013. Therefore, even if the above rulings apply to adversary proceedings in the Tenth Circuit, the filing of the complaint would be untimely.

### E. Equitable Tolling Applies to Rule 4007(c) But Is Not Appropriate Here

Equitable tolling (or temporarily suspending) applies to Rule 4007(c). In re Myler, 477 B.R. 227, 234 (Bankr. D. Utah 2012). "Equitable tolling may apply if a plaintiff shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Id. (citation omitted) (internal quotation marks omitted).

Nothing in the pleadings or the hearing indicate that some extraordinary circumstance stood in the Plaintiff's way. The Plaintiff apparently completed drafting the complaint in a timely fashion because the complaint is dated September 24th. It simply appears as though the Plaintiff waited until the very last day to mail it and it did not arrive on time. In any case, the Plaintiff did not meet his burden of establishing otherwise. Thus the doctrine of equitable tolling is not appropriate.

7

**III.    Conclusion**

Based on the foregoing analysis, the Motion of the Defendant should be granted.

_____END OF DOCUMENT_____

**_____ ooo0ooo_____**

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** will be effected through the Bankruptcy Noticing Center to each party listed below:

Greg Anderson
3438 Sugar Leo
Saint George, UT 84790
 *Pro Se Plaintiff*

David N Fisher, an Individual
2147 South Alveo Drive
Saint George, UT 84780
 *Defendant*

Darwin C. Fisher
Darwin C. Fisher, P.C.
444 E. Tabernacle
Bldg B-201
St. George, UT 84770
 *Attorney for Defendant*

J. Grant Moody
Duval & Moody, PC
947 South 500 East
Suite 200
American Fork, UT 84003
 *Attorney for Defendant*